IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK WAYNE FORD, SPN #01459743, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-2307 |
| HOUSTON POLICE DEPARTMENT, *et al.*, | § § § | |
| Defendants. | § § | |

# **MEMORANDUM AND ORDER**

The plaintiff, Mark Wayne Ford (SPN #01459743), is presently incarcerated in the Harris County Jail pending criminal charges in state court. Ford has filed a prisoner civil rights complaint under 42 U.S.C. § 1983 [Doc. # 1] and he has also submitted two letters, which supplement his claims [Docs. # 4, # 5]. Because Ford is prisoner who requests leave to proceed *in forma pauperis*, the Court is required to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B). After reviewing all of the pleadings as required, the Court concludes that this case must be **dismissed** for reasons set forth briefly below.

**I.     BACKGROUND**

Ford discloses that he is currently in custody at the Harris County Jail as the result of his arrest by officers with the Houston Police Department on April 24, 2018, on charges of aggravated assault with a deadly weapon.[1] Public records show that these charges are pending against Ford in the 180th District Court for Harris County, Texas, where a grand jury has returned an indictment against him in Cause No. 1588670.[2] Ford adds that he has a previous arrest for assault in 2000,[3] and that he is an "out of state fugitive" from California.[4]

Ford has filed this civil rights lawsuit against the Houston Police Department, the Santa Monica Police Department, a probation agent from Los Angeles County named Waugh Booker, and the Harris County Sheriff's Department.[5] Professing his innocence of the pending charges, Ford explains that he was convicted and sentenced to prison in California after he became a professional model and actor.[6] Ford claims

---

[1]     Complaint [Doc. # 1], at 5.

[2]     *See* Harris County District Clerk's Office website at https://www.hcdistrictclerk.com (last visited July 17, 2018).

[3]     Letter [Doc. # 4], at 1-2.

[4]     Complaint [Doc. # 1], at 4.

[5]     *Id.* at 2-3.

[6]     *Id.* at 5.

further that he is a California Police Commissioner, a United States Secret Service Agent, and an agent with the Federal Bureau of Investigation.[7] In addition to sabotaging his modeling career,[8] Ford explains that having a criminal record is preventing him from obtaining a "peace officer license to carry a loaded firearm" on his person.[9] He asks this Court to expunge all of the criminal charges against him and grant him a badge along with a peace officer license to carry a firearm so that he can make arrests as a federal agent.[10] He also requests $26 million to fund his own peace officer agency.[11] Alternatively, he offers to settle this lawsuit if allowed to enroll in the Houston Police Academy with a "signing bonus" of $16 million plus his salary as an "undercover Houston Police Sergeant."[12]

## II. DISCUSSION

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is

---

[7] *Id*. at 4-5.

[8] Letter [Doc. # 4], at 2-3.

[9] Complaint [Doc. # 1], at 5.

[10] *Id.*

[11] *Id.*

[12] Letter [Doc. # 5], at 3.

based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (citations and internal quotation marks omitted). A complaint lacks an arguable basis in fact when the plaintiff's allegations are so "fanciful," "fantastic," and "delusional" as to be "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989)).

Ford does not allege facts showing that any of his underlying criminal convictions are invalid or that expunction is appropriate. *See Cavett v. Ellis*, 578 F.2d 567, 568 (5th Cir. 1978) (affirming the district court's dismissal of a civil rights action requesting expunction of five Texas state court convictions from public records) (citing *Rogers v. Slaughter*, 469 F.2d 1084 (5th Cir. 1972)); *see also Allen v. Normand*, Civil No. 09-2825, 2009 WL 2448253, at * 11-12 (E.D. La. Aug. 7, 2009) (rejecting a request for injunctive relief in the form of expungement of arrest records). Ford also alleges no facts that would justify intervening in the ongoing state court criminal proceedings against him in Harris County. *See Younger v. Harris*, 401 U.S. 37, 43-45 (1971) (holding that federal courts cannot interfere in state criminal proceedings unless extraordinary circumstances are present). More importantly, Ford's allegations qualify as fanciful and are wholly incredible. *See Denton*, 504 U.S.

at 32-33. Because the complaint in this case lacks an arguable basis in law and fact, this case will be dismissed with prejudice as frivolous under 28 U.S.C. § 1915A.

## III. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's application for leave to proceed *in forma pauperis* [Doc. # 2] is **GRANTED**.

2. The complaint is **DISMISSED** with prejudice as frivolous.

3. The dismissal will count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

**The Clerk is directed to provide a copy of this order to the plaintiff. The Clerk will also provide a copy of this order to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas, on July 23, 2018.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE